IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**THOMAS M.,**
**Petitioner Below, Petitioner**

**FILED**
**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-554**    (Fam. Ct. Kanawha Cnty. No. 18-D-10)

**ROBYN C.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas M.[1] appeals the Family Court of Kanawha County's December 7, 2023, order denying his motion for reconsideration regarding contempt language that was included in a final contempt order entered on November 17, 2023. Respondent, Robyn C., did not participate in the appeal.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure to vacate in a memorandum decision. For the reasons set forth below, the family court's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

Thomas M. ("Father") and Robyn C. ("Mother") were never married but share one child, T.M., born in 2006. Events leading up to this appeal began when Father filed a petition for the allocation of custodial responsibility on January 2, 2018. A final hearing on Father's petition was held on March 14, 2018. The final order was entered on March 15, 2018, wherein Mother was designated as the primary residential parent with shared decision-making and Father was ordered to pay $484.69 per month in child support. Father was also ordered to provide medical insurance for the child through his employment if available at a reasonable cost. Regarding medical bills, the final order stated, "[t]he [p]arties shall be responsible for any reasonable medical, dental, optical, prescription,

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Thomas M. is represented by G. Wayne Van Bibber, Esq.

pharmaceutical, and orthodontic expenses not covered by insurance in the following ratios: Father 64%; Mother 36%."

On July 18, 2023, Mother filed a petition to modify the parenting plan and child support, wherein she alleged that the child was the victim of sexual abuse from Father's significant other. Mother also alleged that Father berated and humiliated the child, would not contribute to medical bills, and told the child that his life-threatening food allergies "[were] in his head." Mother also filed a petition for contempt against Father, wherein she alleged that she had incurred $834.58 in uncovered medical expenses since the entry of the March 15, 2018, order. Father stated in his response to the contempt petition that Mother did not share the bills with him until she filed them with her contempt petition, and if he owed anything, it would be $612.80.

The hearing on Mother's petition for contempt was held on November 1, 2023. At that hearing, Mother argued that she sent Father the unpaid medical bills in March of 2019 via certified mail, but he refused to sign for them. Mother further testified that there were additional bills which accumulated after that date, but she did not attempt to send them to Father after he refused to sign for the first batch. The family court held that Father owed Mother $612.80. Father wrote Mother a check for $612.80 at the hearing. Father was not held in contempt, nor was he given instructions by which to purge a contempt. Mother's attorney was directed to prepare the contempt order.

Mother's attorney drafted the contempt order and submitted it, along with a Rule 22(b) Notice,[3] on November 15, 2023. The order included language that Father was held in contempt and that he purged the contempt during the hearing when he paid Mother by check. The family court contacted Father's attorney by phone and asked if he had any objections to the contempt order, as written. By phone, Father's attorney objected to one provision regarding the payment of medical bills but did not object to the contempt or purge language at that time. Father's attorney also allegedly contacted Mother's attorney to express his concerns about the order's inclusion of contempt and purge language even though Father was not found in contempt. Mother's counsel allegedly agreed to Father's requested changes but never submitted an amended order to the family court. The contempt order was entered on November 16, 2023, and was styled as an Order Granting

---

[3] Rule 22(b) of the West Virginia Rules of Practice and Procedure for Family Court states, in part:

> An attorney assigned to prepare an order or proposed findings shall deliver the order or findings to the court no later than ten days after the conclusion of the hearing . . . . Within the same time period the attorney shall send all parties copies of the draft order or findings together with a notice which informs the recipients to send written objections within five days to the court and all parties.

Respondent's Petition for Contempt. On the last page of the order, the family court wrote, "after receiving objection of opposing counsel this date."

On or about December 5, 2023, Father filed a motion for reconsideration of the contempt order, wherein he argued that he was never actually found in willful and contumacious contempt and that the family court never found that he purged the contempt, as stated in the order. The motion for reconsideration was denied by an order entered on December 7, 2023, stating the reason for the denial was because Father's counsel only objected to the medical payment language in the order and did not actually object on the grounds asserted in his motion to reconsider. It is from the December 7, 2023, order that Father now appeals.

For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, No. 22-918, 2024 WL 2966177, __ W. Va. __, __S.E.2d __ (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Father raises three assignments of error, two of which present interrelated issues; accordingly, we consolidate his arguments as appropriate.[4]

As his first and second assignments of error, Father asserts that the family court erred by determining that he was in willful and contumacious contempt and failed to make specific findings to support its conclusion. We agree. West Virginia Code § 48-1-304(b) (2001) states:

> If . . . the court finds the defendant in contempt for willfully failing to comply with an order of the court . . . and if the court further finds the person has the ability to purge himself of contempt, the court shall afford the contemnor a reasonable time and method whereby he may purge himself of contempt.

Upon review of the record, the family court did not find that Father was in contempt and provided no direction as to how Father should purge such contempt. In fact, it was determined during the hearing that Mother had mailed the medical bills to the wrong

---

[4] *See Bowden v. Monroe Cnty. Comm'n*, 232 W. Va. 47, 51, 750 S.E.2d 263, 267 (2013) (per curiam) (consolidating assignments of error).

3

address and that Father was unaware of their existence until he received them in the mail with Mother's contempt pleadings. Father paid Mother the full amount owed for the medical bills, as determined by the family court at the contempt hearing. Therefore, based upon the record, we cannot conclude that sufficient facts existed to warrant a finding of contempt against Father.

As his third assignment of error, Father argues that the family court prematurely entered the contempt order without affording him the full five days in which to submit written objections. We agree. Pursuant to Rule 22(b) of the West Virginia Rules of Practice and Procedure for Family Court, Father was to be afforded five full days during which to submit written objections to the draft contempt order. Here, Father's attorney was contacted by phone and informed that he needed to state any objections immediately due to the family court's desire to expedite the entry of the contempt order, and the order was entered only two days after it was drafted. Therefore, we conclude that the family court erred by not allowing Father the full five days, as provided by Rule 22(b), in which to submit his written objections to the draft contempt order.

Accordingly, we vacate and remand the November 17, 2023, and December 7, 2023, orders to the Family Court of Kanawha County with directions to allow Father to file written objections to the November 17, 2023, contempt order.

Vacated and Remanded.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

4